## Merger of Bank and Trust Company.

*Banks and banking—Banks of discount—Trust companies—Merger—Sub-agency—Acts of July 28, 1917, P. L. 1235, and June 15, 1923, P. L. 809.*

A bank of discount and deposit, organized under a special act of assembly antedating the present Constitution, may require a trust company located in the same city, borough or township as itself and thereafter carry on business at the location of the trust company as a sub-office or sub-agency of its main or principal place of business, the sub-office or sub-agency being subject to the supervision and control of the banking department of the Commonwealth.

Department of Justice. Opinion to Hon. Peter G. Cameron, Secretary of Banking.

ANDERSON, Dep. Att'y-Gen., Aug. 3, 1926.—You have asked for advice as to whether a bank of discount and deposit organized under a special act of assembly which antedates the present Constitution of Pennsylvania may acquire a trust company located in the same city as itself and operate the said trust company as a sub-office or sub-agency under the limitations which have heretofore been placed upon the location and operation of sub-offices and sub-agencies of trust companies throughout the Commonwealth. The general legislation on this subject dates back to the Act of 1850, whose 50th section prohibits each and every bank in this Commonwealth from establishing, maintaining, keeping or continuing, directly or indirectly, any branch or agency for the transaction of banking business at any other place than that fixed and named in its charter for its location and the transaction of its business without the express authority of an act of assembly of this Commonwealth to do so.

The institution which is seeking permission to establish and operate a sub-office or sub-agency was created subsequent to the act just referred to. It was not, however, incorporated under the provisions of the Act of May 13, 1876, P. L. 161. The latter act provides that the persons associating them-

selves into a bank of discount and deposit shall, among other things, certify the location or place of business, particularly designating the county, city, borough or village in which the bank is to be located. By the Act of July 28, 1917, P. L. 1235, which is a supplement to the Act of May 13, 1876, any bank of discount and deposit already incorporated or hereafter formed under the provisions of the Act of 1876 is authorized to establish and maintain in the city, borough or township in which its principal place of business is located one or more sub-offices or sub-agencies for the purpose only, however, of receiving and paying out moneys.

As a matter of history, therefore, there is no legislation in Pennsylvania that in terms covers the situation in hand. The special act chartering the institution which is concerned in the present application does not confer upon that corporation any power to establish or maintain branch offices.

The general legislation to which reference has been made has, however, been construed by former Attorneys-General in a series of opinions rendered to you and to your predecessors in the Banking Department of the Commonwealth, beginning in Attorney-General's Reports, 1891-92, page 2, where banks of deposit were held to be limited to one place for doing business, and ending in 1924 (13 Pa. Corp. Rep. 127, 159), when it was ruled that the Act of 1917, *supra*, was intended to give to banks of discount and deposit the same right in regard to establishing branches or sub-agencies as trust companies enjoy under the rulings of the Attorney-General's Department, but the authority given is expressly confined to the city, borough or township in which their principal place of business is located.

The Act of 1917 is couched in language obviously taken from the opinions of Attorneys-General prior thereto, which opinions applied the policy of the Commonwealth with reference to banking institutions to trust companies doing a quasi-banking business. The opinions which this department has rendered to your department since the passage of the Act of 1917, *supra*, put trust companies on the same footing as banks of discount and deposit, so far as the maintenance of branch offices is concerned, and construe the act in question as declaratory of the general historical policy of the State on that point.

The only other legislation to be considered is the Banking Act of June 15, 1923, P. L. 809, which is silent on the point now under consideration, but does charge you with the duty of taking care that the laws of this Commonwealth in relation to banks and banking shall be faithfully executed and that the greatest safety to depositors and other interested persons shall be afforded. The laws of the Commonwealth relating to banks and banking have been held to permit the establishment and maintenance of sub-offices and sub-agencies by trust companies, savings banks and banks of discount and deposit, provided the purposes of such sub-offices or sub-agencies are restricted to receiving and paying out money, and also provided that such sub-offices and sub-agencies are located in the same city, borough or township as the principal office, as shown by the charters of the institutions which create such sub-offices or sub-agencies, and that such sub-offices and such sub-agencies at the close of each business day make full reports of their daily operations to the principal place of business and transfer the assets then on hand to the main offices of the institutions.

The fact that the charter of the institution which is concerned in the present inquiry is silent on the subject of branch offices does not prevent the particular transaction which is proposed to be carried out. The Banking Act of June 15, 1923, must be taken as at once supplementing and yet limiting the

powers of the institution in question, so far as branch offices are concerned. It authorizes you to permit the establishment and maintenance of sub-offices and sub-agencies for the restricted purposes above enumerated within the limits of the city, borough or township where the main place of business of the institution in question is located, yet also places the conduct and management of such sub-offices and sub-agencies under your control to the same extent that the conduct and management of the main office of the corporation are placed.

You are, therefore, advised that there is nothing in the law to prevent the particular bank which has brought forward the question which has been discussed in this opinion from acquiring a trust company which is located in the same city, borough or township as itself and from hereafter carrying on business at the location of the trust company as a sub-office or sub-agency of its main or principal place of business, both the main place of business and the sub-office or sub-agency being subject to the supervision and control of your department, as provided in the Banking Act of June 15, 1923.

From C. P. Addams, Harrisburg, Pa.

NOTE.—Saving Bank's Agency, 4 D. & C. 726.